IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| THE ESTATE OF DONALD M. SNYDER by his ADMINISTRATOR AD PROSEQUENDUM JOAN SNYDER, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:24-CV-00477-O |
| ARBOR LODGING MANAGEMENT, ET AL., | § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant ALM Arlington LLC's ("ALM") Rule 12(b)(6) Motion to Dismiss and Alternative Rule 12(e) Motion for More Definite Statement (ECF No. 38) and Plaintiff's Response (ECF No. 45). ALM did not file a reply. Having carefully considered the briefing and applicable law, the Court **DENIES** ALM's Motion.

**I.   BACKGROUND[1]**

On Christmas Eve, 2022, Donald M. Snyder ("Decedent") was staying at the Hyatt Place Dallas/Arlington, when he was served an excessive number of alcoholic beverages at the hotel bar—15 drinks in a little over an hour. By around 1:00 AM on Christmas Day, Decedent was losing consciousness. The bartender looked on as Decedent's head rested on the bar. At another point, his body slumped limply in his bar stool, with his head lolling backward. He fell out of the barstool, and the bartender had to help raise him from the floor. The surveillance footage shows

---

[1] Unless otherwise noted, the Court's recitation of the facts is taken from Plaintiff's First Supplemental and Amended Complaint and Plaintiff's Response to ALM's Motion. Pl.'s First Suppl. & Am. Compl. 5–6, ECF No. 37; Pl.'s Resp. 1, ECF No. 45.

1

that Decedent was unable to walk or even stand unassisted. Because of his intoxicated state, some of the hotel's employees helped him to his room. No one conducted a welfare check on Decedent. Two days later, he was found dead on the floor of his hotel room by housekeeping staff. The Tarrant County Medical Examiner determined Decedent's cause of death to be acute ethanol toxicity (alcohol poisoning).

The mother of Decedent, Joan Snyder ("Plaintiff"), individually and as administrator *ad prosequendum* of the estate of Donald M. Snyder, filed this action against several Defendants, including ALM, alleging Texas Dram Shop Act liability, negligence, "negligent hiring, training, and supervision," and wrongful death.[2] Defendant ALM, the owner and operator of the Hyatt Place, now moves to dismiss Plaintiff's claims for negligence and negligent hiring, training, and supervision (collectively, "negligence claims"), and alternatively, moves for a more definite statement.[3] ALM's Motion is ripe for the Court's review.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8 does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6).

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has

---

[2] Pl.'s First Suppl. & Am. Compl. 6–13, ECF No. 37.
[3] Def.'s Mot. Dismiss or More Definite Statement 1, ECF No. 38.

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.* at 678.

### III. ANALYSIS

**A. Plaintiff's negligence claims survive ALM's Rule 12(b)(6) challenge.**

In its Motion, ALM argues that Plaintiff's negligence claims should be dismissed because: (1) the Dram Shop Act precludes Plaintiff from asserting her claims; and (2) Plaintiff failed to sufficiently plead her claims.[4] In response to ALM's preclusion argument, Plaintiff asserts that she is allowed to plead—as opposed to recover for—claims that are mutually exclusive, and, in any event, her negligence claims are not precluded because they are based on duties that arise independently of the provision of alcohol.[5]

---

[4] *Id*. at 5–8.
[5] Pl.'s Resp. 4–10, ECF No. 45.

### 1. Plaintiff can plead mutually exclusive claims.

At this stage, the Court need not decide whether Plaintiff's negligence claims are precluded by the Dram Shop Act, because Federal Rule of Civil Procedure 8 specifically allows a Plaintiff to plead relief in the alternative. *See* FED. R. CIV. P. 8(a)(3) (explaining that "a demand for the relief sought . . . may include relief in the alternative or different types of relief"). So, while it is possible that Plaintiff could be precluded from *recovering* for both sets of claims, she is not precluded from *pleading* both sets of claims. In any event, the question may be addressed at a later stage.

### 2. Plaintiff pleaded sufficient facts in support of her negligence claims.

Next, ALM, without any compelling reason, argues that the negligence claims should be dismissed for failure to plead factual content in support.[6] The elements of negligence are duty, breach, injury, and causation. *Mission Petroleum Carriers, Inc. v. Solomon*, 106 S.W.3d 705, 710 (Tex. 2003). ALM argues that Plaintiff failed to allege facts sufficient to support the elements of breach and causation.[7] But those elements are squarely pleaded. The Complaint alleges that ALM's agents[8] breached "by failing to timely render aid or call for emergency medical assistance."[9] And the Complaint includes facts showing causation, including that ALM's agents "knew or should have known that the Decedent . . . was suffering from a medical emergency due to acute alcohol poisoning."[10]

Plaintiff's allegations concerning causation are not just conclusory. There are facts in the Complaint showing that Decedent's death was foreseeable: "Surveillance footage of the incident

---

[6] Def.'s Mot. 5–8, ECF No. 38.
[7] *Id.* at 7, 8.
[8] To support ALM's liability, Plaintiff relies, in part, on a theory of vicarious liability. *See* Pl.'s Compl. ¶¶ 14–15, ECF No. 37.
[9] *Id.* ¶ 48.
[10] *Id.* ¶ 47.

confirms that [Decedent] exhibited symptoms of severe and disabling acute alcohol intoxication, including falling from his seat and the inability to stand and/or walk unassisted."[11] Moreover, there are facts showing that ALM's agents' negligence proximately caused Decedent's death. One or more employees of ALM, "after realizing that [Decedent] was obviously intoxicated and needed assistance, . . . led [Decedent] to his hotel room."[12] And "despite being aware of his condition, [staff] failed to complete any welfare safety checks on the Decedent, until his body was discovered two days later on December 26, 2022, by housekeeping."[13] These facts suggest that had ALM or its agents sought immediate medical care on behalf of Decedent, or conducted a welfare check after bringing him to his room, Decedent's death could have been prevented.

ALM also argues that no facts in the record support a claim for negligent hiring, training, and supervision, but that is not so. "Negligent hiring, retention, and supervision claims are all simple negligence causes of action based on an employer's direct negligence rather than on vicarious liability." *Dangerfield v. Ormsby*, 264 S.W.3d 904, 912 (Tex. App.—Fort Worth 2008, no pet.). "To establish a claim for negligent training, a plaintiff must prove that a reasonably prudent employer would have provided training beyond that which was given and that failure to do so caused his injuries." *Id.* "To establish a claim for negligent supervision, a plaintiff must show that an employer's failure to supervise its employees caused his injuries." *Id.* at 913.

To support her claim of negligent training, Plaintiff alleges that ALM "had a duty to use reasonable care in training personnel, including but not limited to training, education, evaluation, and corrective action with regard to serving alcoholic beverages in compliance with governing federal and local laws and regulations."[14] Plaintiff likewise alleges that ALM owed Decedent a

---

[11] *Id.* ¶ 21.
[12] *Id.* ¶ 23.
[13] *Id.* ¶ 24.
[14] *Id.* ¶ 53.

5

duty to use reasonable care in supervising its employees.[15] And ALM breached these duties by "fail[ing] to properly supervise [Defendant Jimely Rosas] on the night of decedent's death, and fail[ing] to property [sic] train [Defendant Jimely Rosas] regarding the known . . . danger of serving alcohol to intoxicated persons."[16] The Complaint also alleges causation:

> 56. Further, after recognizing and identifying the Decedent as a visibly intoxicated patron that was overserved, **ALM ARLINGTON LLC** and/or **ALM ARLINGTON CONCESSIONS LLC** and Defendants **JIMELY ROSAS** and **JUSTIN BELL** failed to provide any form of welfare check on the Decedent, or assist the Decedent by seeking any medical attention, despite being aware of his compromised state.
>
> 57. As the proximate and foreseeable consequence of Defendant's, including its agents, servants and/or employees, negligent acts in failing to prevent the intoxication and untimely death of **DONALD M. SNYDER**.
>
> 58. The negligent staffing, training and hiring of inexperienced bartenders and hotel staff by Defendants **ALM ARLINGTON LLC** and/or **ALM ARLINGTON CONCESSIONS LLC** and **JUSTIN BELL** led to the preventable death of **DONALD M. SNYDER**.

Rule 8 simply requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Court finds that Snyder has sufficiently carried that burden. Consequently, ALM's Rule 12(b)(6) Motion to Dismiss is **DENIED**.

### B. ALM's Rule 12(e) Motion for More Definite Statement is moot.

In the alternative, ALM moves for a more definite statement under Federal Rule of Civil Procedure 12(e).[17] A Rule 12(e) "motion must be made before filing a responsive pleading." FED. R. CIV. P. 12(e); *see Deaf Interpreter Servs., Inc. v. Webbco Enterprises, L.L.C.*, No. SA:13-CV-867-OG, 2014 WL 12489608, at *5 (W.D. Tex. Jan. 28, 2014) ("Defendants' motion for a more definitive statement is moot since Defendants have already filed an answer."). Here, ALM

---

[15] *Id.* ¶ 51.
[16] *Id.* ¶ 55.
[17] Def.'s Mot. 9–10, ECF No. 38.

answered Plaintiff's First Supplemental and Amended Complaint on October 31, 2024.[18] Therefore, ALM's request for relief under Rule 12(e) is **DENIED as moot**.

## IV.   CONCLUSION

For the reasons set out above, ALM's Rule 12(b)(6) Motion to Dismiss and Alternative Rule 12(e) Motion for More Definite Statement is **DENIED**.

**SO ORDERED** this **30th** day of **January, 2025**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[18] ALM's Answer, ECF No. 48.